# KING & SPALDING

# MEMO ENDORSED

King & Spalding LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 12/20/13

Kenneth Steinthal
Partner
Direct Dial: +1 415 318 1211
Direct Fax: +1 415 318 1300
ksteinthal@kslaw.com

December 19, 2013

**VIA ECF**

Hon. Louis L. Stanton, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

DEC 20 2013

UNITED STATES DISTRICT JUDGE

Re: *Broadcast Music, Inc. v. Pandora Media, Inc.*, No. 13-CIV-4037 (LLS)

Dear Judge Stanton:

We write on behalf of Pandora Media, Inc., to seek a conference (in person or telephonic) with the Court and the parties as soon as possible. The purpose of the conference would be to seek clarification of one important aspect of the scope of the Court's December 18, 2013 Opinion & Order ("Order") denying Pandora's motion for summary judgment.

Specifically, Pandora respectfully requests that the Court clarify that its Order does not affect any presently-existing BMI Article XIV/interim licenses (including Pandora's). Although Pandora recognizes, of course, that this Court's Order delineates the scope of Pandora's *final* license (and prohibits BMI from issuing new licenses, final or otherwise, that include withdrawn works to any prospective applicant), clarifying that the Order does not affect presently-existing Article XIV/interim licenses appears entirely consistent with the Court's Order that "[n]othing in this opinion affects the rights of licensees to continue to perform the withdrawn compositions under presently-existing licenses. They were legal when made, and the rights they granted are not to be altered retroactively. As far as this ruling is concerned, they continue according to their terms until their expiration." Order at 14.

Given that the Court's Order was not intended to affect "presently-existing licenses," it follows that the Order should apply equally to the subset of "presently-existing [Article XIV/interim] licenses." The Court appeared to recognize as much earlier in its opinion, where it observed that "BMI and Pandora have negotiated interim license fees to be in effect from January 1, 2013 until the parties negotiate an agreed rate or the Court issues a final order setting license terms and fees." Order at 5. And during a November 25, 2013 telephone conference, the Court suggested that the "application which is being discussed in article 14 – and thus what has been applied for – is treated as granted *until the adjudicated procedures are over*[.]" Conf. Tr. at

December 19, 2013
Page 2

6 (Nov. 25, 2013) (emphasis added). In any event, these presently-existing Article XIV/interim licenses, just like their final fee license counterparts, "were legal when made, and the rights they granted" should not "be altered retrospectively." *Id.* at 14.

Moreover, clarifying that the Order does not affect the licensed status of presently-existing Article XIV/interim licensees would promote the Court's apparent intent to avoid massively disrupting the market for public performance rights (as, unless Article XIV/interim licenses are deemed within the scope of "presently-existing licenses" of BMI, the Court's decision would render licensees operating thereunder unlicensed to perform works withdrawn by BMI publishers, arguably retroactively, while negotiations / rate setting proceedings take place). The reality is that there are dozens if not hundreds or thousands of law-abiding companies – including both "traditional" and "new media" distributors of audiovisual and radio content – who have performed and are currently performing music under BMI Article XIV/interim licenses whose license status could be upended absent such clarification. Such licensees of BMI should be no less subject to protection from infringement claims for the duration of their presently-existing Article XIV/interim licenses than presently-existing final fee licensees of BMI.

For these reasons, Pandora respectfully requests that the Court hold a conference (whether in-person or telephonic) as soon as possible in order to clarify that entities operating under presently-existing Article XIV/interim licenses are "licensees" within the scope of the Court's holding that "[n]othing in this opinion affects the rights of licensees to continue to perform the withdrawn compositions under presently-existing licenses."

Respectfully submitted,

/s/ Kenneth Steinthal
Kenneth L. Steinthal

cc:   All Counsel

---

*Handwritten note:*

Presently-existing Article XIV/interim licenses are included in, and protected by, the final paragraph of the December 18, 2013 order; the rights they grant are not to be altered retroactively except by fee-setting procedures under Art XIV(B). Nothing in the opinion impairs their validity.

Louis L. Stanton
12/19/13