# MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

ONE CHASE MANHATTAN PLAZA

NEW YORK, NY 10005

212-530-5000

FAX: 212-530-5219

Atara Miller
PARTNER
DIRECT DIAL NUMBER
212-530-5421
E-MAIL: AMiller@milbank.com

| | |
|---|---|
| **LOS ANGELES** 213-892-4000 FAX: 213-629-5063 | **BEIJING** 8610-5969-2700 FAX: 8610-5969-2707 |
| **WASHINGTON, D.C.** 202-835-7500 FAX: 202-835-7586 | **HONG KONG** 852-2971-4888 FAX: 852-2840-0792 |
| **LONDON** 44-20-7615-3000 FAX: 44-20-7615-3100 | **SINGAPORE** 65-6428-2400 FAX: 65-6428-2500 |
| **FRANKFURT** 49-(0)69-71914-3400 FAX: 49-(0)69-71914-3500 | **TOKYO** 813-5410-2801 FAX: 813-5410-2891 |
| **MUNICH** 49-89-25559-3600 FAX: 49-89-25559-3700 | **SÃO PAULO** 55-11-3927-7700 FAX: 55-11-3927-7777 |

October 2, 2014

**VIA ECF**

Honorable Louis L. Stanton
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Broadcast Music, Inc. v. Pandora Media, Inc.*, 13 Civ. 4037 (LLS)

Dear Judge Stanton,

      We write on behalf of Broadcast Music, Inc. ("BMI") to ask this Court to convene a pre-motion conference to modify the Stipulation and Amended Protective Order (the "Protective Order"), entered on April 22, 2014. (Doc. No. 93.) BMI has learned through discovery that Pandora has allowed Christopher Harrison, its Vice President, Business Affairs, who is principally responsible for its license negotiations, to review BMI's Restricted Information, contrary to the intent of the Protective Order. BMI requests that the Protective Order be amended to allow Michael Steinberg, its Senior Vice President, Licensing, and David Levin, its Vice President, New Media, parallel access to Pandora's Restricted Information.

      The Protective Order provides for three levels of protection:

      (a) under Paragraph 8(a) of the Protective Order, "**Confidential**" information may be viewed by outside counsel, up to four in-house counsel, and "officers and employees of the Receiving Party as have a need to access such information for the prosecution of this Proceeding";

**Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP**

Hon. Louis L. Stanton
October 2, 2014
Page 2

(b) under Paragraph 14(a) of the Protective Order, "**Restricted**" information may be viewed by outside counsel and up to "four designated in-house counsel employed or retained by the Receiving Party who are actually assisting in the Proceeding"; and

(c) under Paragraph 18(a) of the Protective Order, "**Outside Counsel Only**" information may be viewed by "outside counsel employed or retained by the Receiving Party who are actually assisting in the Proceeding." (*See* Protective Order ¶¶ 18(a); 14(a); 8(b).)

The Restricted designation, in contrast to the Confidential designation, is intended to protect commercially sensitive or competitive information from being disclosed to persons involved in business decisions. Under the Protective Order, business-side employees of the Receiving Party may view Confidential information. They may not access Restricted information. (*Id.* ¶ 14(a).) However, in the course of fact discovery in this case, BMI learned that Pandora has allowed, and continues to allow, Mr. Harrison, Pandora's Vice President, Business Affairs, to access documents and deposition testimony designated as Restricted by BMI under the Protective Order.[1] Although Mr. Harrison is an attorney, he has spearheaded Pandora's recent licensing negotiations with publishers and should not have been provided access to BMI's Restricted information. Mr. Harrison testified during his deposition that he does not act as Pandora's in-house counsel. (*See* Harrison Dep. Tr. at 15:14-16:16, dated August 1, 2014, attached as Ex. A hereto.[2]) Further, BMI learned that Mr. Harrison acts as Pandora's lead negotiator with various publishers, including Sony, Universal, and BMG. (*See* Kennedy Dep. Tr. at 19:2-20:16, dated June 25, 2014, attached as Ex. B hereto.)

Pandora's actions run contrary to the purpose behind the Protective Order's Restricted designation. BMI has long maintained that Pandora employees involved in license negotiations with copyright holders, whether or not they are lawyers, should not have access to BMI's highly confidential material. Providing such information to Pandora's negotiators gives Pandora an unfair advantage in negotiations. In BMI's responses and objections to Pandora's subpoena in the proceeding between Pandora and ASCAP, BMI objected to the subpoena served on it and produced documents on the condition that Milt Olin, an outside lawyer leading license negotiations on behalf of Pandora, would not receive Outside Counsel Only information. (*See* BMI's Responses and Objections to Pandora's Subpoena, at 2-3, dated April 15, 2013, *Pandora v. ASCAP*, 12 Civ. 8035 (DLC), attached as Ex. C hereto.) BMI maintained its objection to Mr. Olin seeing Outside Counsel Only and Restricted information, and expressly included such a carve-out in drafts of the Protective Order in this proceeding. That particular carve-out was removed after Mr. Olin tragically passed away in late 2013. Thereafter, Mr. Harrison (and Mr. Steinthal, counsel of record in this case) assumed the lead negotiator role for Pandora.

---

[1]    Pandora never provided BMI with a list of the in-house attorneys to whom it was disclosing Restricted information, or an opportunity to object to the inclusion of any individual.

[2]    Note that although the attached deposition transcript excerpts have "Outside Counsel Only" headers, Pandora has since removed the confidentiality designation from the excerpted testimony.

Milbank, Tweed, Hadley & McCloy LLP

Hon. Louis L. Stanton
October 2, 2014
Page 3

      In disclosing Restricted information to Mr. Harrison, Pandora has effectively eliminated the distinction between the Confidential and Restricted designation, and placed its chief negotiator in a position of unfair competitive advantage.[3]  To equalize the negotiating field, BMI requests that this Court hold a pre-motion conference and modify the Protective Order to allow Pandora Restricted information to be disclosed to Mr. Steinberg and Mr. Levin.

      Respectfully Submitted,

      /s/ Atara Miller_____
      Atara Miller

cc:    All Counsel

---

[3] In light of the fact that Pandora has allowed Mr. Harrison to see Restricted documents in this case, BMI wrote to Pandora on August 14, 2014 that it intended to give BMI's Senior Vice President of Licensing equivalent access to Pandora's Restricted materials.  Pandora objected to any such disclosure.