

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806        www.pryorcashman.com

**Donald S. Zakarin**
Partner

Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

October 21, 2014

**VIA ECF**

Honorable Louis L. Stanton, USDJ
United States District Court - SDNY
500 Pearl Street, Room
New York, NY 10007

  Re: *Broadcast Music, Inc. v. Pandora Media, Inc.*, C.A. No. 13-CIV-4037 (LLS)

Dear Judge Stanton:

  We write on behalf of intervenors Sony/ATV Music Publishing and EMI Music Publishing.

  We have been informed by counsel for BMI that Mr. Steinthal, counsel for Pandora, has written a letter to Your Honor requesting a conference seeking permission to either reargue its prior summary judgment motion or to make some new summary judgment motion apparently relating to whether its "application for a license" constitutes a "license in effect." We are also advised that Your Honor has scheduled a conference for October 22, 2014 at 3:00 P.M.

  I apologize for being vague about what it is precisely that Pandora is seeking. But we were not provided a copy of Mr. Steinthal's letter and were not even informed by him of his contemplated motion. But for counsel for BMI having advised us of the conference, we would not even have known that. Moreover, counsel for BMI informed us that Mr. Steinthal has taken the position that Pandora is entitled to exclude us from any participation (or even any knowledge of his contemplated motion) despite the fact that Your Honor granted our clients status as intervenors last year on what I understand is the subject of Pandora's proposed motion.

  As Your Honor will recall, the December 18, 2013 Decision and Order denying Pandora's motion for summary judgment preserved the rights of existing licensees under licenses in effect prior to Your Honor's decision. Pandora then contended that it was entitled to the status of being a licensee in effect either because of its application to BMI for a license or because there was apparently an unsigned interim license. On behalf of our intervenor clients, we opposed Pandora's position and on December 20, 2013, Your Honor issued a decision rejecting Pandora's contention, consistent with the plain language of the Consent Decree. I attach a copy of that Memo Endorsed decision hereto.

# PRYOR CASHMAN LLP

Hon. Louis L. Stanton
October 21, 2014
Page 2

Because the effect of Your Honor's December 18, 2013 Decision and Order was that our clients were "all out" of BMI based on their partial withdrawals of rights, unless and until a determination was made by our clients about whether or not to rejoin BMI, Pandora risked being an infringer as of January 1, 2014 unless it either removed our clients songs from its service or obtained a further grant of rights from our clients. Because its license from our clients had only been for one year (from January 1, 2013 until December 31, 2013), Pandora had been aware of this impending deadline for a year. However, it did nothing until November 2013 to address this issue.

In November 2013, Pandora and SATV began discussions to address Pandora's problem. SATV offered Pandora alternatives, including a new license or what was, in effect, an insurance policy that SATV would not sue for infringement. However, instead of concluding any agreement, Pandora played the "litigation lottery," hoping that Your Honor would rule in its favor on its summary judgment motion. After that motion was denied, Pandora attempted to shoehorn its application for a license into a license in effect (rejected by this Court in its decision on December 20).

Even after these two decisions were rendered by the Court, Pandora still stalled in concluding an agreement with our clients. Only after I had an exchange of correspondence with Mr. Steinthal at the very end of December and virtually on New Year's eve, did Pandora finally elect to take a short term (three month) "insurance policy" of a covenant not to sue.

I gather – although I again do not know for sure because I have no concrete information about Mr. Steinthal's letter or his contemplated motion – that Pandora wishes to pretend that it was somehow gulled into entering into an agreement with our clients because our clients ultimately (in February 2014) suspended their withdrawals from BMI. With January 1, 2015 approaching, I gather that Pandora may be concerned that our clients may be contemplating total withdrawal from BMI and therefore wants to revisit Your Honor's decision that Pandora is not a licensee in effect. To be clear, no one forced Pandora to enter into its insurance agreement with SATV after Your Honor's December 18, 2013 Decision and Order and the December 20, 2013 decision. Pandora made its own business decision based on the uncertainty that existed. SATV too made its own decision based on the same uncertainty.

As the foregoing shows, if this is the sort of motion contemplated by Pandora and if this is why it contemplates trying to revisit an issue already determined by this Court in this very case (which would violate the law of the case doctrine), it is squarely within the subject matter on which Your Honor granted our clients the right to intervene. I simply do not understand on what basis Pandora can attempt to exclude our clients from opposing any such motion. Indeed, if this is the subject of Pandora's motion, it affects our clients' rights as much or more than it does the rights of BMI.

# PRYOR CASHMAN LLP

Hon. Louis L. Stanton
October 21, 2014
Page 3

BMI's counsel has indicated to me – although having been excluded by Mr. Steinthal from receiving any information or his letter to Your Honor, I simply do not know – that the purported justification for our exclusion is that his motion will include information relating to the year end agreement Pandora made with our clients and a separate agreement Pandora made with Universal Music Publishing Group. If this is in fact his justification, it is baseless. To begin with, there is a Confidentiality Order in this case and there is provision for documents to be viewed only by outside counsel. But even if there were not such a provision, the supposed problem could be solved by redaction.

On behalf of our clients, if Pandora's contemplated motion does address the issues indicated to us by BMI's counsel, we strongly object to Pandora's attempt to exclude our participation and opportunity to oppose any such motion. Such a motion is indisputably squarely within the subject matter on which Your Honor has granted intervention and Pandora is no more entitled to ignore Your Honor's determination in that regard than it is entitled to ignore Your Honor's determination that Pandora is not entitled to claim the status of a licensee in effect.

Respectfully submitted,

Donald S. Zakarin

Attachment
cc: All Counsel

Case 1:13-cv-04037-LLS   Document 113   Filed 10/21/14   Page 4 of 7
Case 1:13-cv-04037-LLS   Document 80   Filed 12/20/13   Page 1 of 4
Case 1:13-cv-04037-LLS   Document 77   Filed 12/20/13   Page 1 of 3



# PRYOR CASHMAN LLP

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York   Los Angeles

www.pryorcashman.com

ORIGINAL

Donald S. Zakarin
Partner

Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/13

December 20, 2013

UNITED STATES DISTRICT JUDGE
DEC 20 2013

VIA ECF
Honorable Louis L. Stanton
United States District Court - SDNY
500 Pearl Street
New York, NY 10007

Re: *Broadcast Music, Inc. v. Pandora Media, Inc.*, C.A. No. 13-CIV-4037 (LLS)

Dear Judge Stanton:

We write on behalf of intervenors Sony/ATV Music Publishing LLC ("SATV") and EMI Music Publishing ("EMI") in brief response to the letter from Kenneth Steinthal, counsel for Pandora Media, Inc. dated December 19, 2013.

Pandora's letter to the Court seeking a "clarification" of the Court's December 18 decision is simply a thinly veiled motion for reconsideration.

Pandora's letter professes that it seeks to have this Court "clarify" that when it denied Pandora's motion, it was not actually denying the motion that Pandora made, but only denying some portion of it. Pandora wants the Court to "clarify" that despite the fact that it denied Pandora's motion, it actually granted that aspect of Pandora's motion in which it claimed that its request for a license somehow automatically became an actual so-called "consent decree license in effect" which includes the compositions that were withdrawn from BMI by the copyright owners.

Pandora tries to invoke its "agreement" with BMI on interim fees to be paid for calendar year 2013 pending this Court's determination in the rate proceeding. But Pandora omits mention that its "agreement" with BMI did not include the compositions of Sony/ATV and EMI because it had entered into direct licenses with them following their withdrawal of New Media rights from BMI. Pandora's argument also studiously ignores Article XIV(B), which makes clear that an application for a license is not a license. Article XIV(B) provides a procedure whereby, pending completion of the proceedings provided for in Article XIV(A) either an applicant or BMI may apply to the Court, on an expedited basis, for an interim fee. If, and only if, such a proceeding is invoked, the Court shall fix an interim fee and BMI would then be required to issue an interim license. If Pandora failed to accept such interim license, its application for a license under Article XIV(A) would then be dismissed.

Case 1:13-cv-04037-LLS   Document 113   Filed 10/21/14   Page 5 of 7
Case 1:13-cv-04037-LLS   Document 80   Filed 12/20/13   Page 2 of 4
Case 1:13-cv-04037-LLS   Document 77   Filed 12/20/13   Page 2 of 3

# PRYOR CASHMAN LLP

Hon. Louis L. Stanton
December 20 2013
Page 2

The procedures of Article XIV(B) thus convert an application for a license into a process by which BMI may be required to offer an interim license with an interim fee set by the Court. By this procedure, an application only becomes an actual interim license if the applicant accepts the Court's interim fee determination and the interim license offered. None of this occurred and Pandora therefore has neither an interim license nor a supposed "consent decree license in effect."

To be clear, Pandora wants this Court, in the guise of supposedly clarifying its decision, to effectively withdraw its Opinion and Order that the compositions subject to the New Media withdrawals "are no longer eligible for inclusion in BMI's repertory" and "*BMI can no longer license them to Pandora* or any other applicant" (Opinion at 2) and instead say that Pandora's request for a license – no license has been issued – is transformed into a license despite the fact that the compositions of withdrawing publishers are outside BMI's repertory.

As this Court is aware and as Pandora is most assuredly aware, Pandora's motion for summary judgment included its "consent decree license in effect" argument. While Pandora devoted considerable attention to trying to persuade this Court to adopt Judge Cote's decision precluding limited withdrawals, the motion for summary judgment that this Court denied included Pandora's "consent decree license in effect" argument.

Pandora's supposed "consent decree license in effect" argument was a central subject of its motion for summary judgment. See, e.g., Memorandum in Support of Pandora's Motion for Partial Summary Judgment at 13 (arguing that because "Pandora requested a blanket license to perform 'all' the compositions in BMI's repertory; Pandora accordingly is authorized to publicly perform all the compositions in BMI's repertory while this Court reaches a determination regarding a reasonable fee for the blanket license"); id. at n. 10 (arguing that if the publishers could withdraw rights after Pandora applied for its "Consent Decree License" it would have the effect of "'pull[ing] the rug out' from under BMI's consent decree license"). Pandora devoted an entire section of its moving brief to the argument that the publishers' withdrawals should not apply to Pandora's so-called "consent decree license." See id. at Point V, pp. 24-25 (titled "Permitting the 'Withdrawals' to Affect Pandora's Consent Decree License Conflicts with the BMI Decree's Grant of Rate-Setting Jurisdiction to This Court"). Pandora devoted another whole section of its brief to arguing that the Court should not grant the remedy that it granted – that works that are the subject of partial withdrawals are no longer in BMI's repertory and cannot be licensed by BMI for any purpose – because granting such a remedy would "inequitably harm Pandora." Id. at 23-24.

Mr. Steinthal's letter proceeds as if Pandora had not made each of the foregoing arguments. It assumes that the Court's denial of its motion somehow overlooked its arguments in this regard. Nothing was overlooked. The Court simply rejected Pandora's arguments and denied its motion.

Case 1:13-cv-04037-LLS   Document 113   Filed 10/21/14   Page 6 of 7
Case 1:13-cv-04037-LLS   Document 80   Filed 12/20/13   Page 3 of 4
Case 1:13-cv-04037-LLS   Document 77   Filed 12/20/13   Page 3 of 3

**PRYOR CASHMAN LLP**

Hon. Louis L. Stanton
December 20 2013
Page 3

# MEMO ENDORSED

Moreover, there is no such thing as a "consent decree license in effect." Pandora made a request for a license. No license was issued. BMI, not Pandora, then invoked the jurisdiction of this Court. There remains an application for a license pending but, consistent with this Court' decision, that application can only apply to compositions within BMI's repertory and the compositions of Sony/ATV and EMI are not within BMI's repertory.

This Court, after extensive briefing and after extensive oral arguments, denied Pandora's motion with full knowledge of the facts and after full consideration of every argument made by the parties. The parties and intervenors, to the extent that they disagree with this Court's decision and/or Judge Cote's decision, have a right of appeal. But Pandora should not be permitted to pretend it is seeking clarification when it is really asking this Court to render a different decision.

Respectfully submitted,

Donald S. Zakarin

cc: All counsel

MEMORANDUM ENDORSEMENT

Broadcast Music, Inc. v. Pandora
13 Civ. 4037 (LLS)

An application for a license, even though under Article XIV(A) it allows the applicant to perform the compositions in BMI's repertory during the interim until the applicant receives a license with an agreed or court-determined reasonable fee, is not itself a license. Applications do not vest rights. Even an "interim license" is not issued until after an interim fee is fixed. Art. XIV(B).

The blanket license ultimately granted will not include the right to play compositions denied to Pandora. Therefore, the "reasonable fee" for that license, based on the reduced repertory, will be smaller and when applied retroactively, necessarily insufficient to compensate BMI for the applicant's performances of those compositions during the interim. That would not serve, but frustrate, Article XIV(A)'s concept of fair retroactive compensation.

Therefore, unlike those who hold previously-executed licenses, an applicant for a license may not perform compositions denied Pandora and hence no longer in BMI's repertory.

So ordered.

Dated: New York, New York
December 20, 2013

_____
LOUIS L. STANTON
U.S.D.J.